■ FEDERAL INSURANCE COMPANY, Appellant-Respondent, v INTERNATIONAL BUSINESS MACHINES CORPORATION et al., Respondents-Appellants. [911 NYS2d 148]—

In an action for a judgment declaring that the plaintiff has no obligation to indemnify the defendants for any amounts, including defense costs or settlement payments, that the defendants may have incurred in connection with an action entitled *Cooper v IBM Personal Pension Plan* (457 F3d 636 [2006], *cert denied* 549 US 1175 [2007]), the plaintiff appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered June 30, 2009, as denied its motion for summary judgment and granted that branch of the defendants' cross motion which was for summary judgment on their counterclaim alleging breach of contract, and (2) a judgment of the same court (Scheinkman, J.), dated August 24, 2009, which is in favor of the defendants and against it in the principal sum of $25,000,000, and the defendants cross-appeal from so much of the judgment as, upon an order of the same court also dated August 24, 2009, in effect, denying their application for an award of an attorney's fee, failed to award them an attorney's fee. The plaintiff's notice of appeal from the order

is deemed also to be a notice of appeal from the judgment (see CPLR 5501 [c]).

Ordered that the appeal from the order entered June 30, 2009, is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from by the plaintiff, on the law, the plaintiff's motion for summary judgment is granted, that branch of the defendants' cross motion which was for summary judgment on their counterclaim alleging breach of contract is denied, and it is declared that the plaintiff Federal Insurance Company has no obligation to indemnify the defendants International Business Machines Corporation and IBM Personal Pension Plan for any amounts, including defense costs or settlement payments, that the defendants International Business Machines Corporation and IBM Personal Pension Plan may have incurred in connection with an action entitled *Cooper v IBM Personal Pension Plan* (457 F3d 636 [2006]), and the order entered June 30, 2009, is modified accordingly; and it is further,

Ordered that the defendants' cross appeal from the judgment is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff's appeal from the order entered June 30, 2009, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see *Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on its appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiff, Federal Insurance Company (hereinafter Federal), issued an Executive Protection Excess Insurance Policy (hereinafter the Federal Policy) to the defendant International Business Machines Corporation (hereinafter IBM). IBM is the sponsor of the defendant IBM Personal Pension Plan (hereinafter the Plan), a defined benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 (hereinafter ERISA) (29 USC § 1001 *et seq*.). The Federal Policy provided coverage in excess of and in conformance with the underlying fiduciary liability policy issued by Zurich American Insurance Group (hereinafter the Zurich Policy).

The Zurich Policy's insuring clause provided coverage for "all Loss for which the Insured becomes legally obligated to pay on account of any Claim first made against the Insured . . . for a Wrongful Act." The term "Wrongful Act" is defined, in pertinent part, as "any breach of the responsibilities, obliga-

tions or duties by an Insured which are imposed upon a fiduciary of a Benefit Program by the Employee Retirement Income Security Act of 1974 [ERISA], or by the common or statutory law of the United States, or [ERISA equivalent laws] in other jurisdiction[s] anywhere in the world."

A class action was filed in the United States District Court for the Southern District of Illinois (hereinafter the District Court) against IBM and the Plan, alleging that amendments to the Plan made by IBM in 1995 and 1999 violated various provisions of ERISA (see *Cooper v IBM Personal Pension Plan*, 2005 WL 1981501, 2005 US Dist LEXIS 17071 [SD Ill 2005], *revd in part* 457 F3d 636 [2006], *cert denied* 549 US 1175 [2007]). Specifically, the class action (hereinafter the *Cooper* action) challenged the amendments to the Plan as violative of the age discrimination provisions of ERISA. The parties to the *Cooper* action ultimately reached a settlement, which was approved by the District Court. The settlement provided, inter alia, for the payment of the *Cooper* plaintiffs' attorneys' fees by the Plan. Federal denied coverage for the award of attorneys' fees paid to the *Cooper* plaintiffs' counsel pursuant to the settlement, and commenced this action for a judgment declaring that IBM and the Plan were not entitled to indemnification for any amounts incurred by them in the *Cooper* action.

Contrary to the contention of IBM and the Plan, a breach of a fiduciary duty is required for a wrongful act to be committed under the Zurich Policy (see *Mary Kay Holding Corp. v Federal Ins. Co.*, 309 Fed Appx 843, 849 [5th Cir 2009]). This conclusion is supported by the plain meaning of the definition of wrongful act in the Zurich Policy, which requires that the responsibility, obligation, or duty that is allegedly breached be imposed upon a fiduciary of a benefit program by ERISA. Here, when IBM allegedly violated the age discrimination provisions of ERISA by making amendments to the Plan, it was acting in a settlor capacity, not in a fiduciary one (see *Lockheed Corp. v Spink*, 517 US 882, 890 [1996]). The age discrimination provisions of ERISA, which IBM allegedly violated by enacting the amendments, are not responsibilities, obligations, or duties imposed upon a fiduciary of a benefit program by ERISA. Rather, they are obligations imposed on settlors of ERISA benefit plans. Thus, the *Cooper* action did not allege that IBM or the Plan committed a wrongful act, as that term is defined in the Zurich Policy. Federal, therefore, established its prima facie entitlement to judgment as a matter of law by demonstrating that IBM and the Plan were not entitled to coverage under the Zurich Policy and therefore, could not recover under the Federal Policy. In opposition, IBM and the Plan failed to raise a triable issue of fact.

Accordingly, Federal's motion for summary judgment should have been granted, that branch of the cross motion of IBM and the Plan which was for summary judgment on their counterclaim alleging breach of contract should have been denied, and Federal is entitled to a judgment declaring that it has no obligation to indemnify the defendants for any amounts, including defense costs or settlement payments, that the defendants may have incurred in connection with the *Cooper* action (*see Lanza v Wagner*, 11 NY2d 317, 324 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

In light of this determination, we need not reach Federal's remaining contentions. Moreover, the defendants' cross appeal from so much of the judgment as failed to award them an attorney's fee has been rendered academic. Mastro, J.P., Leventhal, Hall and Lott, JJ., concur.